## CARYL v SCHEIDERER

Ohio Appeals, 3rd Dist, Union Co

No 185. Decided July 26, 1938

Milo L. Myers, Marysville, and William J Porter, Marysville, for appellant.

Ingalls & Warnick, Columbus, for appellee.

## OPINION

By GUERNSEY, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Union County, Ohio, dismissing an appeal on questions of law and fact from a judgment and decree of the Probate Court of said county, in an action brought in said Probate Court by Clifton L. Caryl as guardian of the person and estate of Emmett L. C. Scheiderer, an incompetent person, against Jacob Scheiderer who had been appointed, qualified and acting as the guardian of the person and estate of Emmett L. C. Scheiderer, a minor, during the minority of said Emmett L. C. Scheiderer, and who had filed his final account as such guardian on the 17th day of October, 1934, to set aside confirmation of the final account of Jacob Scheiderer as such guardian of Emmett L. C. Scheiderer, a minor, and wherein said confirmation was set aside and it was found and adjudged by the court that there was due and payable from Jacob Scheiderer as such guardian, to his said ward on the settlement of said final account, the sum of $6001.48 with interest from October 28th, 1934, which amount it was ordered, adjudged and decreed the plaintiff Clifton L. Caryl as guardian of the person and estate of Emmett L. C. Scheiderer an incompetent, recover from the defendant Jacob Scheiderer.

The notice of appeal from the Probate Court to the Common Pleas Court was in the words and figures following, to-wit:

"Now comes Jacob Scheiderer and represents that heretofore, on the 22nd day of September, 1937, this court in a written opinion found against him and within three days thereafter he filed his motion herein asking for a new hearing and retrial.

"That on the 18th day of October, 1937, the journal entry was filed on the findings and order of the court as found on said 22nd day of September, 1937.

"That by agreement of counsel and permission of the court this defendant on the 18th day of October, 1937, refiled herein the said motion asking for rehearing and retrial of the cause, and whereupon the said motion was submitted to the court and on consideration thereof the court overruled the same.

"Therefore, and by these presents the said Jacob Scheiderer declares and files this

his notice of appeal on questions of law and fact and asks the court for an order fixing the amount and penal sum of an appeal bond."

The court fixed the appeal bond at two hundred dollars which was furnished by the said Jacob Scheiderer.

On November 29, 1937, the said Jacob Scheiderer caused a transcript of the docket and journal entries in the Probate Court to be filed in the Common Pleas Court.

Thereafter, on January 14, 1938, the said Caryl as such guardian filed a motion to dismiss the appeal filed by said Scheiderer in the Common Pleas Court. The motion to dismiss the appeal was based on the following grounds:

1. The Common Pleas Court does not have jurisdiction because there is no appeal as a matter of law from the Probate Court to the Common Pleas Court but must be to the Court of Appeals.

2. If the appeal was filed as a matter of law it should be dismissed because the appellant has not complied with the rule or the court requiring a transcript of evidence, bill of exceptions or brief be filed within seventy days of the judgment entry.

3. For want of a necessary and proper appeal bond as required under §§10501-58-59 GC.

On March 17, 1938, the court, on motion to dismiss the appeal made in part the following order:

"It is therefore ordered, adjudged and decreed by the court that unless the defendant shall within ten days from the entry of this decree file an additional bond herein for appeal in the sum of $14,000.00 that this appeal shall be dismissed at the costs of the defendant. If and when said bond is filed, then this cause shall remain as a cause in this court for trial either upon questions of law or questions of law and fact, as the defendant may desire."

And an entry was filed upon said order.

Thereafter, on March 21, 1938, the appellant, Scheiderer filed his motion for rehearing and in said motion asked leave of court to amend his notice of appeal by striking out the words "questions of fact" and leave the appeal stand on questions of law.

Thereafter, to-wit, on March 29th, the court on said motion for rehearing and to amend, found, adjudged and decreed as follows:

"And upon the motion of the defendant, Jacob Scheiderer for a rehearing and for permission to strike out the words "and fact" and leave his appeal stand as an appeal upon a question of law, and the same having been submitted to the court upon memorandum of law, the court finds that defendant's motion for a rehearing and for permission to let his appeal stand upon a question of law is not well taken and overrules the same, to all of which defendant excepts.

"The court further finds that said defendant, Jacob Scheiderer, has not given an appeal bond in the sum of $14,000.00 on or before the 28th day of March, 1938, so therefore, in accordance with the original finding of this court, the appeal of defendant is dismissed at the costs of the defendant for failure to file a proper appeal bond, to which ruling said defendant, Jacob Scheiderer excepts."

That on the 1st day of April, 1938, the appellant again filed motion to vacate and set aside the former finding, order and decree of the court and vacate the entry filed thereon and on the 9th day of April, 1938, as per entry filed on said date, the court caused to be entered the following:

"This cause comes into this court upon the motion of the defendant, Jacob Scheiderer, for rehearing, and the court being advised in the premises finds that the defendant has heretofore filed a motion for new trial in this cause which motion for new trial was overruled, and the court finds that this motion is not well taken and overrules the same, to all of which defendant excepts."

From the orders and judgments of the Common Pleas Court above mentioned Jacob Scheiderer filed his notice of appeal on questions of law to this court.

The appeal raises two questions. First, whether the Common Pleas Court erred in dismissing the appeal from the Probate Court as an appeal on questions of law and fact; and, second, if the court did not err in dismissing the appeal as an appeal on questions of law and fact whether it erred in not permitting said appeal to stand as an appeal on questions of law.

The questions will be considered in the order mentioned.

1. Sec 12223-3 GC, which is one of the

sections of "An Act to Establish a Simplified Method of Appellate Review", 116 Ohio Laws, 105, provides as follows:

"Final order may be appealed; exception.—Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Courts and of Justices of the Peace upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61, GC, inclusive and §§10382 to 10398, GC, inclusive, respectively."

It will be noted that under the provisions of the section mentioned appeals from judgments of Probate Courts upon questions of law and fact are expressly excepted from the operation of the Act of which said section is a part and are required to be taken in the manner provided by §§10501-56 to 10501-61 GC.

Under the provisions of §§10501-57 and 10501-58 GC a person desiring to appeal from an order, decision, or decree of a Probate Court, must, within twenty days after it is made, give a bond to the adverse party, with one or more sufficient sureties to be approved by such court,. conditioned that the party appealing will abide and perform the order, judgment, or decree in the case, of the appellate court, and pay all moneys, costs, and damages required of. or awarded against him, and when the order, decision or decree from which the appeal is taken, directs the payment of money, as it did in the case at bar, the bond must be for double the amount.

The amount of money directed to be paid by the defendant to the plaintiff by the Probate Court in the order, judgment and decree from which the appeal was taken by the defendant was approximately $7000 so that the amount of bond required to be given by the defendant to the plaintiff under the provisions of §§10501-57 and 10501-58, GC, to make such appeal effective was $14000. The bond given by the defendant in Probate Court to perfect said appeal was in the sum of only $200. The bond in Probate Court not conforming to the requirements of the statute, the Common Pleas Court did not err in ordering the defendant to give additional bond up to the amount required by the sections men-

tioned, and did not err in dismissing the appeal on questions of law and fact upon the failure of the defendant to give the bond required by said sections.

2. As by the provisions of §12223-3, GC, supra, appeal on questions of law and fact from judgments of Probate Courts are expressly excepted from the operation of "An Act To Establish a Simplified Method of Appellate Procedure" as hereinbefore mentioned, §12223-22, GC, a section of said Act providing for the taking of appeals on questions of law and fact, and further providing that whenever an appeal on questions of law and fact is taken in a case in which it is determined by the Appellate Court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand as an appeal on questions of law. And §11564, GC, another section of said Act, providing for the filing, of a bill of exceptions where an appeal is taken on questions of law and fact and the Court of Appeals determines that the case cannot be heard upon the facts, have no application to an appeal on questions of law and fact from the Probate Court. The Common Pleas Court was therefore without authority in law upon determining that said appeal was not perfected as an appeal on questions of law and fact, to permit such appeal to stand as an appeal on questions of law.

The question then arises as to whether the notice of appeal given in the Probate Court was amendable under the provisions of §12223-5 GC, a section of said Act so as to provide for an appeal on questions of law instead of an appeal on questions of law and fact.

Secs 12241 and 12247 GC, which were repealed by the Act in question, provided as follows:

"Sec 12241 GC. Jurisdiction of the Common Pleas Court.—An order made by a Probate Court removing or refusing to remove an executor, administrator, guardian, assignee, trustee or other officer appointed by a Probate Court, and a judgment rendered or final order made by a Probate Court, insolvency court, Justice of the Peace or any other tribunal, board or officer, exercising judicial functions, and inferior to the Court of Common Pleas, may be reversed, vacated, or modified by the Common Pleas Court.

"Sec 12247 GC. Judgment reversed or modified, how.—A judgment rendered or

final order made by a Court of Common Pleas or by the Superior Court of Cincinnati or by the Municipal Court of Cleveland, or by a judge of any of such courts, may be reveresd, vacated, or modified by the Court of Appeals having jurisdiction in the county wherein the Common Pleas, Superior or Municipal Court is located, for errors appearing on the record."

Sec 12223-23, GC, a section of said Act, which was enacted in the place of §12241, GC, provides:

"Appeal on questions of law to Common Pleas Court.—A judgment rendered or final order made by a Justice of the Peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the Court of Common Pleas, may be reversed, vacated, or modified by the Common Pleas Court upon an appeal on questions of law."

And §12223-27, GC, a section of said Act, enacted in place of §12247, GC, provides:

"Appeal on questions of law to the Court of Appeals.—A judgment rendered or final order made by a Court of Common Pleas, a Proabte Court, or any other court of record or by a judge of any of such courts may be reversed, vacated, or modified upon an appeal on questions of law by the Court of Appeals having jurisdiction in the county wherein the Common Pleas or other court of record is located, for errors appearing on the record."

A comparison of repealed §12241, GC, with §12223-23, GC, reveals that all of the provisions of the repealed section relating to the review of orders and judgments of the Probate Court are eliminated from §12223-23, GC, and that it provides only for the review of judgments rendered and final orders made by a Justice of the Peace or any other tribunal, board or officer, exercising judicial functions, and inferior to the Court of Common Pleas.

The Probate Court is a constitutional court of record and is not inferior to the Common Pleas Court except insofar as it is made inferior to the Common Pleas Court by statutes enacted pursuant to authority conferred by the Legislature or by the Constitution, and there is now no statutory provision making it inferior to the Common Pleas Court in respect to the review on questions of law of its orders and judgments by the Common Pleas Court, and consequently orders and judgments of the Probate Court do not come within the purview of §12223-23 GC and said section does not confer any jurisdiction on the Common Pleas Court to review such judgments or orders. Otherwise expressed, no jurisdiction is conferred on the Common Pleas Court by §12223-23 GC on appeals on questions of law from judgments and orders of the Probate Court.

It will also be noted upon a comparison of the provisions of repealed §12247 GC, with the provisions of §12223-27, GC, and while the provisions of the repealed section did not provide for a review of questions of law of judgment and final orders of Probate Courts by Courts of Appeals, §12223-27 GC expressly provides for such review upon an appeal on questions of law.

Considering the provisions of repealed §§12241 and 12247, GC, and §§12223-23 and 12223-27 GC enacted in the place thereof together, it is clear that the review on questions of law by the Common Pleas Court, of judgments and final orders of Probate Courts has been abolished, and that jurisdiction to reverse, modify or affirm such orders and judgments is now vested exclusively in the Court of Appeals. Such being the case, the Common Pleas Court did not have jurisdiction of an appeal on questions of law in the instant case and was therefore without jurisdiction to permit the notice of appeal to be amended so as to provide for an appeal on questions of law or to permit such appeal to stand as an appeal on questions of law, and therefore did not err in refusing to permit such amendment or in dismissing such appeal.

For the reasons mentioned the judgment of the Common Pleas Court dismissing the appeal from Probate Court will be affirmed.

CROW and KLINGER, JJ, concur.